# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-33V
Filed: August 17, 2017
UNPUBLISHED

| | |
|---|---|
| BRENDA VANCE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for petitioner.
*Camille Michelle Collett, U.S. Department of Justice, Washington, DC,* for respondent.

### **DECISION AWARDING DAMAGES**[1]

**Dorsey**, Chief Special Master:

On January 9, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder pain and frozen shoulder following her February 1, 2016 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 9, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On August 16, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $110,000.00 and an additional $209.32 to satisfy a Medicaid lien by the State of Ohio. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards:**

- **A lump sum payment of $110,000.00 in the form of a check payable to petitioner, Brenda Vance.** This amount accounts for all elements of compensation under § 300aa-15(a) to which petitioner would be entitled; and

- **A lump sum payment of $209.32, representing compensation for satisfaction of the State of Ohio Meicaid lien, payable jointly to petitioner and to:**

> **Ohio Tort Recovery Unit**
> **350 Worthington Road, Suite G**
> **Westerville, Ohio 43082**

Petitioner agrees to endorse this payment to Ohio Tort Recovery Unit.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| BRENDA VANCE, | ) | |
| | ) | |
| Petitioner, | ) | No. 17-33V |
| | ) | Chief Special Master |
| v. | ) | Nora Beth Dorsey |
| | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

## **RESPONDENT'S AMENDED PROFFER ON AWARD OF COMPENSATION**

### I.  **Compensation for Vaccine Injury-Related Items:**

Respondent proffers that, based on the evidence of record, petitioner, Brenda Vance, should be awarded **$110,000.00**. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Respondent further proffers that petitioner, Brenda Vance, should be awarded funds to satisfy, in full, the State of Ohio Medicaid lien in the amount of **$209.32**, which represents satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of Brenda Vance from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act.

II. **Form of the Award:**

The parties recommend that the compensation provided to Brenda Vance should be made through two lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following:[1]

(1) A lump sum payment of $110,000.00 in the form of a check payable to petitioner, Brenda Vance. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled; and

(2) A lump sum payment of $209.32, representing compensation for satisfaction of the State of Ohio Medicaid lien, payable jointly to petitioner and to:

> Ohio Tort Recovery Unit
> 350 Worthington Road, Suite G
> Westerville, Ohio 43082

Petitioner agrees to endorse this payment to Ohio Tort Recovery Unit.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

> Respectfully submitted,
>
> CHAD A. READLER
> Acting Assistant Attorney General
>
> C. SALVATORE D`ALESSIO
> Acting Director
> Torts Branch, Civil Division
>
> CATHARINE E. REEVES
> Deputy Director
> Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

2

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        <u>s/Camille M. Collett</u>
        CAMILLE M. COLLETT
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        (202) 616-4098

E-FILED:  August 16, 2017